UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUGENE P. WILLIAMS, et al.,

    Plaintiffs,

v.                                                   CASE NO: 8:09-cv-1904-T-23AEP

J.P. MORGAN CHASE BANK, N.A., et al.,

    Defendants.
_____/

**O R D E R**

A September 21, 2009, order (Doc. 4) strikes the pro se plaintiffs' complaint, which the plaintiffs' entitled an "Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim." Although largely incomprehensible, the document purports to sue the defendants for fraud, racketeering, "theft of public funds," and sundry other claims. The September 21, 2009, order directs the plaintiffs to file an amended complaint that complies with Rules 8 and 10(b), Federal Rules of Civil Procedure. The plaintiffs submitted a "First Amended Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim" (Doc. 9), which was construed as an amended complaint. Despite the September 21, 2009, order striking the initial complaint, the amended complaint is nearly identical to the original. Accordingly, a November 6, 2009, order (Doc. 11) dismisses the amended complaint. Because the amended complaint failed to address any defect enumerated in the previous order, the November 6, 2009, order dismisses the amended complaint with prejudice. Both the September 21, 2009, and the

November 6, 2009, orders warn the plaintiffs that, "[n]otwithstanding their pro se status, the plaintiffs must 'conform to procedural rules.'" (Doc. 4 at 1) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). Nevertheless, the plaintiffs submit a "Second Amended Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim" (Doc. 12).

Because the November 9, 2009, order concludes this action by dismissing the complaint with prejudice, the "Second Amended Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim" (Doc. 12) is construed as a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure. Although the plaintiffs identify no reason to re-open this action (and although the plaintiffs may not initiate a new action simply by submitting an amended complaint in this case), the Rule 60(b) motion is **GRANTED**, the November 9, 2009, order (Doc. 11) is **VACATED**, and the plaintiffs' second amended complaint is **ACCEPTED**.

This latest iteration of the complaint alleges that the defendant violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2604(c), "by failing to provide an accurate Good Faith Estimate when required." (Doc. 12 at 3) The defendant moves (Doc. 13) to dismiss the second amended complaint. The second amended complaint fails to state a claim because no private right of action exists for a violation of 12 U.S.C. § 2604(c). Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997) (holding that no private civil action exists for a violation of 12 U.S.C. § 2604(c) or any regulation implementing the statute). Accordingly, the defendant's motion to dismiss (Doc. 13) is **GRANTED**. Because the plaintiffs fail to state a claim despite two opportunities to

amend, further leave to amend appears futile. The second amended complaint (Doc. 12) is **DISMISSED WITH PREJUDICE**. <u>In other words, no further amended complaint is permitted, and this case is **CLOSED**.</u> The Clerk is directed to enter judgment of dismissal with prejudice in favor of the defendant and against the plaintiffs.

ORDERED in Tampa, Florida, on December 21, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE